IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN YOSS,<br><br>　　　　　　Plaintiff,<br><br>　- against -<br><br>IGPS COMPANY, LLC; PEGASUS CAPITAL ADVISORS, LP; PEGASUS CAPITAL ADVISORS G.P., LLC; PEGASUS CAPITAL ADVISORS III, LP; PEGASUS INVESTORS III, LP; PEGASUS INVESTORS III G.P., LLC,<br><br>　　　　　　Defendants. | No. 08 CV 02212 (MGC) (MHD)<br>**FILED BY ECF** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY PEGASUS CAPITAL ADVISORS, LP, PEGASUS CAPITAL ADVISORS, G.P., LLC, PEGASUS CAPITAL ADVISORS III, LP, PEGASUS INVESTORS III, LP, AND PEGASUS INVESTORS III G.P., LLC**

Stephen M. Baldini (SB-2070)
Austin K. So (AS-8348)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000

*Counsel for Defendants Pegasus Capital Advisors, LP, Pegasus Capital Advisors, G.P., LLC, Pegasus Capital Advisors III, LP, Pegasus Investors III, LP, and Pegasus Investors III G.P., LLC*

TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................ii

PRELIMINARY STATEMENT........................................................................1

FACTUAL BACKGROUND............................................................................2

ARGUMENT....................................................................................................2

    I.    COMPLAINT AGAINST PEGASUS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR BREACH OF CONTRACT..............3

        A.    Standards for Motions to Dismiss for Failure to State a Claim...........3

        B.    Non-Signatory to a Contract is Not Liable for its Breach...................4

        C.    Absent Alternative Basis of Liability, Courts Will Dismiss Claims for Breach of Contract Against Non-Signatory Shareholders..............4

        D.    Complaint Fails to State a Claim for Breach of Contract Against Pegasus..............6

CONCLUSION.................................................................................................7

# TABLE OF AUTHORITIES

## FEDERAL CASES

Beacon Syracuse Assocs. v. The City of Syracuse,
  560 F. Supp. 188 (N.D.N.Y. 1983)..................................................................4

Bell Atl. Corp. v. Twombly,
  127 S. Ct. 1955 (2007).....................................................................................3

Cosmas v. Hassett,
  886 F.2d 8 (2d Cir. 1989).................................................................................3

Crabtree v. Tristar Auto. Group, Inc.,
  776 F. Supp. 155 (S.D.N.Y. 1991) ...............................................................4, 5

Int'l Customs Assocs., Inc., v. Ford Motor Co.,
  893 F. Supp. 1251 (S.D.N.Y. 1995)...........................................................4, 5, 6

Mellencamp v. Riva Music Ltd.,
  698 F. Supp. 1154 (S.D.N.Y. 1988)..................................................................5

Papasan v. Allain,
  478 U.S. 265, 106 S. Ct. 2932 (1986)...............................................................3

Philadelphia Parking Auth. v. Fed. Ins. Co.,
  385 F. Supp. 2d 280 (S.D.N.Y. 2005)...............................................................3

## STATE CASES

Artist Mgmt. Office, Inc. v. Worldvision Enters., Inc.,
  No. 95 CIV. 9497(RPP), 1997 WL 188937 (S.D.N.Y. Apr. 18, 1997).........................4

Dember Constr. Corp. v. Staten Island Mall,
  56 A.D.2d 768 (1st Dep't 1977)........................................................................4

In re Falchi, No. 97 B 43080(JLG), 97-9057 A, 1998 WL 274679
(Bankr. S.D.N.Y. May 27, 1998)..................................................................................4

Seneca Ins. Co. v. Kemper Ins. Co., No. 2 Civ. 10088(PKL),
2004 WL 1145830 (S.D.N.Y. 2004)...........................................................................3

## STATUTES

Fed. R. Civ. P. 12(b)(6).........................................................................................**1**,3,5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Pegasus Capital Advisors, LP, Pegasus Capital Advisors, G.P., LLC, Pegasus Capital Advisors III, LP, Pegasus Investors III, LP, and Pegasus Investors III G.P., LLC (collectively, "Pegasus"), by and through their undersigned attorneys, respectfully submit this Memorandum of Law in Support of Pegasus's Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, on the grounds that Pegasus cannot be held liable for breach of a contract to which it was not a party. Pegasus requests oral argument on the motion.

## PRELIMINARY STATEMENT

This is an action by a disgruntled former officer of iGPS LLC ("iGPS") who, after unilaterally resigning her position, now claims that she was in fact terminated by iGPS and, therefore, is entitled to a windfall in the form of a severance package. In an improper attempt to cast a net as widely as possible, plaintiff Susan Yoss ("Yoss" or "Plaintiff") has asserted breach of contract claims against both parties and non-parties to her employment contract.

In her Complaint, Yoss seeks damages for a single cause of action—breach of contract—against iGPS and Pegasus. The contract at issue was an employment contract (the "Employment Contract") between iGPS, as employer, and Yoss, as employee. Pegasus, a shareholder of iGPS, was not a party to the Employment Contract, and the Complaint alleges no theory of liability whatsoever against Pegasus. Pegasus moves to dismiss the Complaint on the grounds that it cannot be held liable for a breach of contract to which it was not a party.

As discussed below, it is "hornbook law" that a non-party to a contract cannot be held liable for its breach. It is undisputed that Pegasus was not a party to the Employment Contract; in fact, nowhere in the Employment Contract is Pegasus even mentioned. Not surprisingly, the Complaint does not even attempt to allege that Pegasus was a party to the Employment Contract.

Nor does the Complaint allege any facts to support an alternative basis of liability against Pegasus. Under New York law, which governs the Employment Contract, courts do not hesitate to dismiss claims for breach of contract against non-parties to the contract at issue.

Therefore, Pegasus respectfully requests that the Court dismiss the Complaint for breach of contract, on the grounds that a non-party to a contract cannot be held liable for its breach.

## FACTUAL BACKGROUND

iGPS is a Delaware limited liability company that provides plastic pallets to manufacturers, supplier and shippers. (Compl. ¶ 9.) Pegasus is a shareholder of iGPS. (Compl. ¶ 21.)

In March 2007, Yoss joined iGPS as its Chief Financial Officer pursuant to the Employment Contract. (Compl. ¶¶ 16, 22.) Although Yoss unilaterally resigned her position, Yoss now contends that iGPS terminated her without Cause (as defined in the Employment Contract), and that, therefore, she is entitled to certain severance payments and benefits. (Compl. ¶¶ 56, 61, 62.)

Yoss brings this breach of contract action against iGPS (her employer) and Pegasus (a shareholder of iGPS). Pegasus now moves to dismiss the breach of contract action because it was not a party to the Employment Contract at issue.

## ARGUMENT

The Complaint alleges a single cause of action: breach of contract. It is undisputed that Pegasus was not a party to the Employment Contract; in fact, nowhere in the Employment Contract is Pegasus even mentioned. Not surprisingly, the Complaint does not even attempt to allege that Pegasus was a party to the Employment Contract. Nor does the Complaint allege any facts to support an alternative basis of liability against Pegasus. Indeed, it appears that Yoss has

2

named Pegasus as a defendant solely to cause the defendants to expend time and resources to move to dismiss the Complaint. Under New York law, which governs the Employment Contract, courts do not hesitate to dismiss claims for breach of contract against non-parties to the contract at issue. Therefore, the Complaint must be dismissed against Pegasus for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.  COMPLAINT AGAINST PEGASUS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR BREACH OF CONTRACT

### A.  Standards for Motions to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim, the Court must accept the allegations contained in the complaint as true and draw all reasonable inferences therefrom in favor of the non-moving party. Philadelphia Parking Auth. v. Fed. Ins. Co., 385 F. Supp. 2d 280, 286 (S.D.N.Y. 2005). "The complaint, however, 'must include allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" Seneca Ins. Co. v. Kemper Ins. Co., No. 2 Civ. 10088(PKL), 2004 WL 1145830, at *3 (S.D.N.Y. May 21, 2004) (citation omitted). Moreover, a plaintiff must allege "more than labels and conclusions" to establish a viable cause of action. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)).

In deciding a motion to dismiss, the court is permitted to consider only "the facts alleged on the face of the complaint and to any documents attached as exhibits or incorporated by reference." Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989) (citations omitted).

3

### B.  Non-Signatory to a Contract is not Liable for its Breach

The Employment Agreement is governed by New York law.  (Ex. A to Compl. ¶ 14.) In New York, "It is hornbook law that a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract."  Crabtree v. Tristar Auto. Group, Inc., 776 F. Supp. 155, 166 (S.D.N.Y. 1991) (dismissing breach of contract claim against non-signatory defendants).  Indeed, "[o]nly those who are parties to a contract may be held liable for a breach of that contract."  Beacon Syracuse Assocs. v. The City of Syracuse, 560 F. Supp. 188, 201 (N.D.N.Y. 1983) (citation omitted).

Courts will dismiss a breach of contract claim against a non-party to the contract at issue. Artist Mgmt. Office, Inc. v. Worldvision Enters., Inc., No. 95 CIV. 9497(RPP), 1997 WL 188937, at *2 (S.D.N.Y. Apr. 18, 1997) (citation omitted) ("Since it is undisputed that the moving defendants are not party to the agreement . . . dismissing the breach of contract claim against the movants is appropriate."); In re Falchi, No. 97 B 43080(JLG), 97-9057 A, 1998 WL 274679 (Bankr. S.D.N.Y. May 27, 1998) (dismissing breach of contract claim where plaintiff did not state how non-signatory defendants breached contract, or even allege that non-signatory defendants were parties to that contract); Dember Constr. Corp. v. Staten Island Mall, 56 A.D.2d 768 (1st Dep't 1977) (reversing lower court and holding that "Since [defendant] was not a party to the contract, the complaint against it must be dismissed.").

### C.  Absent Alternative Basis of Liability, Courts Will Dismiss Claims for Breach of Contract Against Non-Signatory Shareholders

Where the party to a contract is a corporation, and the plaintiff asserts a breach of contract claim against a non-signatory shareholder of the corporation, courts will dismiss that claim absent allegations sufficient to support an alternative basis of liability.  Int'l Customs Assocs., Inc., v. Ford Motor Co., 893 F. Supp. 1251 (S.D.N.Y. 1995).

4

In Ford Motor, the plaintiffs asserted a breach of contract claim against a contracting party, Ford Lio Ho Motor Company ("Lio Ho"), and its parent, Ford Motor Company ("Ford Motor"). Ford Motor was a principal shareholder of Lio Ho, owning about 70% of its shares. Ford Motor, 893 F. Supp. at 1254. Ford Motor was not a signatory to the contract at issue, but plaintiffs used the term "defendants" throughout their papers. Id. Recognizing that this was a "thinly veiled attempt to expand the parties to the contract," this Court held that "a contract cannot bind a non-party" and that the obligations under the contract at issue were solely those of Lio Ho and not Ford Motor. Id. at 1254-1255 (citations omitted). Finding that the plaintiff failed to show any alternative bases of liability against Ford Motor, such as agency or "alter ego" theories, this Court granted Ford Motor's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. at 1263.

Similarly, in Crabtree, 776 F. Supp. 155, the plaintiff asserted, *inter alia*, a claim for breach of contract against a closely-held corporation, which was party to the contract at issue, and its three shareholders, who were not. In the absence of allegations of fact sufficient to ignore the corporate form, this Court dismissed the breach of contract claim against the shareholders because they were not signatories to the contract at issue. Crabtree, 776 F. Supp. at 166.

Lastly, in Mellencamp v. Riva Music Ltd., 698 F. Supp. 1154 (S.D.N.Y. 1988), a plaintiff asserted breach of contract claims against both signatory and non-signatory companies. The plaintiff argued that the non-signatory companies should be liable for breach of contract because they shared the same director and/or owner as the parties to the contracts at issue, and because the non-signatory companies were involved in the administration of those contracts. Mellencamp, 698 F. Supp. at 1160. This Court dismissed the breach of contract claims against the non-signatory companies. Id.

### D. Complaint Fails to State Claim for Breach of Contract Against Pegasus

The gist of Yoss's Complaint for breach of contract is:

(1) Yoss was an employee of iGPS pursuant to the Employment Contract (Compl. ¶¶ 16, 22.);

(2) the parties to the Employment Contract were Yoss and iGPS (Ex. A to Compl.);

(3) iGPS terminated Yoss's employment without "Cause" (Compl. ¶¶ 55, 56.);

(4) the Employment Contract provided for severance payments and benefits for a termination without Cause (Compl. ¶ 62.);

(6) iGPS refused to pay Yoss the amounts and benefits due to her for a termination without Cause (Compl. ¶ 61.); and

(7) therefore, the Employment Contract was breached.

Even if all the allegations above were true, Yoss still fails to state a claim against Pegasus for breach of the Employment Contract. It is undisputed that Pegasus was not a party to the Employment Contract. Nowhere in the Complaint does Yoss even attempt to allege that Pegasus was ever a party to the Employment Contract. Moreover, Yoss does not even mention, much less attempt to plead any theory of assignment or third-party liability, nor does she otherwise suggest that Pegasus can be liable in any way under the Employment Contract.

However, despite failing to allege that Pegasus was a party to the Employment Contract, and failing to allege any facts to show how Pegasus could have breached a contract to which it was not a party, Yoss simply claims that "Defendants" breached the Employment Contract (Compl. ¶ 64.) As this Court recognized in <u>Ford Motor</u>, Yoss's attempt to lump a non-signatory and a signatory under the term "Defendants" without the requisite supporting allegations is nothing more than a "thinly veiled attempt to expand the parties to the contract." 893 F. Supp. at 1255.

As the Complaint alleges, Pegasus was a shareholder of iGPS. Absent an alternative basis of liability, Pegasus cannot be held liable for breach of the Employment Contract. Thus, the Court should dismiss the Complaint against Pegasus.

## CONCLUSION

For the foregoing reasons, Pegasus respectfully requests that the Court enter an order dismissing the Complaint against Pegasus with prejudice and granting such other and further relief as the Court deems just and proper.

Dated: March 28, 2008
New York, New York

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Stephen M. Baldini
Stephen M. Baldini (SB-2070)
Austin K. So (AS-8348)
590 Madison Avenue
New York, New York 10022
(212) 872-1000

*Counsel for Defendants Pegasus Capital Advisors, LP, Pegasus Capital Advisors, G.P., LLC, Pegasus Capital Advisors III, LP, Pegasus Investors III, LP, and Pegasus Investors III G.P., LLC*

## CERTIFICATE OF SERVICE

I, Austin K. So, hereby certify that I caused to be served via electronic notification in accordance with the electronic filing system and via fist class mail the annexed Notice of Motion by defendants Pegasus Capital Advisors, LP, Pegasus Capital Advisors, G.P., LLC, Pegasus Capital Advisors III, LP, Pegasus Investors III, LP, and Pegasus Investors III G.P., LLC, and the annexed Memorandum in Support of Motion to Dismiss, on this 28 day of March 2008 upon the following:

Laurence S. Moy, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016

*Counsel for Plaintiff*

Dated: March 28, 2008
New York, New York

/s/ Austin K. So
Austin K. So